UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>FREDERICK'S OF HOLLYWOOD STORES, INC., FREDERICK'S OF HOLLYWOOD, INC.,<br><br>        Defendants. | Case No. 07-0715 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23 |

**I.   INTRODUCTION**

Plaintiff Zachary Hile ("Plaintiff") filed a Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 ("Motion"). Docket No. 13. Frederick's of Hollywood Stores, Inc., and Frederick's of Hollywood, Inc. ("Defendants"), opposed the motion and Plaintiff filed a Reply. See Docket Nos. 20, 27. For the following reasons, Plaintiff's Motion is DENIED without prejudice. Plaintiff may refile a Motion for Class Certification after an opinion is issued in another case now pending before the Ninth Circuit Court of Appeals that raises the same issues raised by the parties in the present action.[1]

///

---

[1] As discussed below, the case now pending before the Ninth Circuit is Soualian v. Int'l Coffee and Tea LLC, CV 07-0502, 2007 U.S. Dist. LEXIS 44208, at *1 (C.D. Cal. June 11, 2007), appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007).

**II.  BACKGROUND**

On February 2, 2007, Plaintiff filed a class action against Defendants under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. section 1681c(g).[2]  See Compl., Docket No. 1. Specifically, Plaintiff alleges that on January 24, 2007, Plaintiff made a credit card purchase at one of Defendants' stores and was provided a receipt that contained the expiration date of Plaintiff's credit card.[3]  Mot. at 5.

Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), Plaintiff now seeks to certify the class of individuals "to whom Defendant, after December 4, 2006, provided an electronically printed receipt at the point of a sale or transaction on which Defendant printed expiration dates in violation of 15 U.S.C. § 1681c(g)."  Mot. at 5.

**III. DISCUSSION**

Three District Courts in California have recently denied motions for class certification in cases with factual allegations practically indistinguishable from the case at bar.  See Spikings v. Cost Plus, Inc., CV 06-8125, 2007 U.S. Dist. LEXIS 44214, at *1 (C.D. Cal. May 25, 2007); Soualian, 2007 U.S. Dist. LEXIS 44208,

---

[2]  FACTA is a subset of the statutes contained within the Fair Credit Reporting Act ("FRCA"), codified at 15 U.S.C. sections 1681, et. seq.

[3]  15 U.S.C. § 1681c(g)(1) states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

at *1; <u>Najarian v. Charlotte Russe</u>, CV 07-0501, 2007 U.S. Dist. LEXIS 59879, at *1 (C.D. Cal. June 12, 2007).  In all three cases, the plaintiffs alleged that the defendants had violated FACTA by including credit card numbers, expiration dates, or both on printed receipts.  <u>See</u> <u>Spikings</u>, 2007 U.S. Dist. LEXIS 44214, at *1; <u>Soualian</u>, 2007 U.S. Dist. LEXIS 44208, at *1; <u>Najarian</u>, 2007 U.S. Dist. LEXIS 59879, at *1.  In all three cases, class certification was denied because the courts found that the plaintiffs could not satisfy Federal Rule of Civil Procedure 23(b)(3).[4]  <u>See</u> <u>Spikings</u>, 2007 U.S. Dist. LEXIS 44214, at *17; <u>Soualian</u>, 2007 U.S. Dist. LEXIS 44208, at *13; <u>Najarian</u>, 2007 U.S. Dist. LEXIS 59879, at *6.

In <u>Soualian</u>, the district court's denial of class certification was appealed and is now pending before the Ninth Circuit Court of Appeals.  <u>See</u> <u>Soualian</u>, 2007 U.S. Dist. LEXIS 44208, <u>appeal</u> <u>docketed</u>, No. 07-80100 (9th Cir. Sept. 13, 2007). In the interests judicial efficiency and conservation of resources, this Court DENIES, without prejudice, Plaintiff's Motion for Class Certification.  Once the Ninth Circuit issues an opinion in the pending case of <u>Soualian</u>, Plaintiff may refile a Motion for Class Certification.

///
///
///

---

[4] Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Class Certification is DENIED without prejudice.  Plaintiff may refile the Motion after the Ninth Circuit issues an opinion in Soualian, 2007 U.S. Dist. LEXIS 44208, appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007).


IT IS SO ORDERED.


Dated: October 17, 2007

_____
UNITED STATES DISTRICT JUDGE